IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

KELLY NELSON,

                              Plaintiff,

        v.

MILLENNIUM LABORATORIES, INC., a
California corporation; JASON BRISTOL,
an individual; and DOES 1-10, inclusive,

                              Defendants.

Case No. 2:12-CV-01301-SLG

### ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Before the court at docket 21 is defendant Jason Bristol's Motion to Dismiss for Lack of Personal Jurisdiction filed on August 13, 2012.[1]  Plaintiff Kelly Nelson filed a response in opposition on August 17, 2012 and Mr. Bristol replied on September 7, 2012.[2]

### FACTUAL BACKGROUND

The facts, as stated in Ms. Nelson's declaration, are as follows: Ms. Nelson is a resident of Scottsdale, Arizona.[3]  She was employed by defendant Millennium Laboratories, Inc. ("Millennium") from June 15, 2009 until December 9, 2011.[4]  Ms. Nelson was initially hired to serve as Millennium's Senior Sales Specialist for Arizona

---

[1] Docket 21 at 1 (Mot.).

[2] Docket 22 (Opp.); Docket 25 (Reply).

[3] Docket 22-1 at 2 (Decl. of Nelson ¶ 2).

[4] *Id.*

and Southern Nevada.[5]  In August 2010, Millennium promoted Ms. Nelson to Regional

Sales Manager and expanded her region to include additional states.[6]

Millennium is a California corporation with its primary place of business in San

Diego, California.  It also regularly conducts business in Arizona.[7]

Mr. Bristol is a resident of Orlando, Florida who has worked for Millennium. On

November 17, 2011, Mr. Bristol was promoted to the Regional Vice President of Sales

position for the Southwest Region and became Ms. Nelson's immediate supervisor.[8]

Many of Ms. Nelson's claims in this action arise from events that she alleges

occurred on November 21, 2011 at a hotel in Scottsdale, Arizona.[9]  Her declaration

describes these events as follows:

> 6.  On November 21, 2011, I met with Jason Bristol for a one-on-
> one breakfast meeting at the Marriott Old Town in Scottsdale,
> Arizona.
>
> 7.   During our meeting at the Marriot Old Town, Jason Bristol
> subjected me to sexually harassing, demeaning and demoralizing
> behaviors, as more fully set forth in my Complaint at paragraphs
> 33-39.[10]

Ms. Nelson's complaint alleges additional misconduct by Mr. Bristol after November 21,

2011 that culminated with her termination on December 9, 2011.[11]

---

[5] *Id.*; Docket 1 at 4 (Compl. ¶ 16); Docket 17 at 3 (Answer ¶ 16).

[6] Docket 1 at 5 (Compl. ¶ 21-22); Docket 17 at 4 (Answer ¶ 21-22).

[7] Docket 1 at 2 (Compl. ¶ 5); Docket 17 at 2 (Answer ¶ 5).

[8] Docket 22-1 at 3 (Decl. of Nelson ¶ 3).

[9] *Id.* at 3 (Decl. of Nelson ¶¶ 6-7).

[10] *Id.*

[11] Docket 1 at 8 (Compl. ¶ 52).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 2 of 12

On June 8, 2012, Ms. Nelson filed this action against Millennium and Mr. Bristol.[12] Her complaint alleges violations of state and federal law, specifically asserting claims for age discrimination, sex discrimination, sexual harassment, retaliation, slander, libel, invasion of privacy, intentional infliction of emotional distress, breach of contract, interference with economic advantage, false imprisonment, and fraud.[13]

Millennium filed its Answer on July 20, 2012, and while it denied many of Ms. Nelson's allegations, it admitted that this Court has personal jurisdiction over it.[14]

Mr. Bristol was personally served with the Complaint on July 21, 2012 at his home in Orlando, Florida.[15] On August 13, 2012, Mr. Bristol filed this Motion to Dismiss for Lack of Personal Jurisdiction.[16] He appended a brief declaration to his motion in which he states that he lives in Florida.[17] While he acknowledges that he is responsible for Millennium's "southwest regions of the country," his declaration also states that he has "never been employed or transacted business on a regular basis in any fashion in the state of Arizona."[18] Mr. Bristol argues that Ms. Nelson "could be remedied in her lawsuit against her former employer . . . without requiring Bristol as an individual

---

[12] *Id.* at 1-3 (Compl.).

[13] *Id.* at 1 (Compl.).

[14] Docket 17 at 3 (Answer ¶ 12).

[15] Docket 20 at 1 (Aff. of Service).

[16] Docket 21 (Mot.).

[17] Docket 21-1 at 2 (Decl. of Bristol).

[18] *Id.* at 2-3 (Decl. of Bristol).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 3 of 12

corporate officer to appear as a party in the lawsuit."[19]   He adds that "there is no evidence that [he] purposely engaged in any wrongful acts outside of his corporate capacity for which his presence as a defendant is necessary in this lawsuit."[20]

## *DISCUSSION*

A federal district court may exercise personal jurisdiction over a non-resident defendant in a diversity action if jurisdiction is proper under the long-arm statute of the forum state and consistent with federal constitutional due process principles.[21] Arizona's long-arm statute permits the exercise of personal jurisdiction to the maximum extent permitted by the due process clause of the federal constitution.[22]   Thus, in Arizona, the statutory and constitutional requirements merge into a "one step analysis."[23]

The United States Supreme Court has held that "[a] court may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'[24]   Here, the parties agree that this Court does not

---

[19] Docket 21 at 2 (Mot.).

[20] Docket 25 at 3, 5 (Reply).

[21] *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998).

[22] Ariz. R. Civ. P. 4(e)(2); *Ochoa v. J.B. Martin & Son's, Inc.*, 287 F.3d 1182, 1188 (9th Cir. 2002).

[23] *Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001).

[24] *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2785 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 4 of 12

have general personal jurisdiction over Mr. Bristol for any and all disputes.[25]   But they

disagree whether this court may exercise specific personal jurisdiction over Mr. Bristol

with respect to this particular case.[26]

In *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, the Ninth Circuit discussed the

applicable quantum of proof for the exercise of specific jurisdiction:

> In opposing a defendant's motion to dismiss for lack of personal
> jurisdiction, the plaintiff bears the burden of establishing that
> jurisdiction is proper.  Where, as here, the defendant's motion is
> based on written materials rather than an evidentiary hearing, the
> plaintiff need only make a prima facie showing of jurisdictional facts
> to withstand the motion to dismiss.  The plaintiff cannot "simply rest
> on the bare allegations of its complaint," but uncontroverted
> allegations in the complaint must be taken as true.   "[W]e may not
> assume the truth of allegations in a pleading which are contradicted
> by affidavit," but we resolve factual disputes in the plaintiff's favor.[27]

Applying this standard for purposes of this motion this Court finds that based on

Ms. Nelson's declaration and those portions of her Complaint which are uncontroverted,

Ms. Nelson has made a prima facie showing for jurisdictional purposes that Mr. Bristol

subjected her to "sexually harassing, demeaning, and demoralizing behaviors" in a

Scottsdale, Arizona hotel room on November 21, 2011.[28]  The question is whether such

alleged tortious conduct in the forum state is sufficient to allow Arizona to exercise

personal jurisdiction over Mr. Bristol with respect to that specified tortious conduct.

The Ninth Circuit has developed a three-part test to determine when a court may,

---

[25] Docket 21 at 3-5 (Mot.); Docket 22 at 4 (Opp.) (discussing bases for specific jurisdiction).

[26] Docket 21 at 5-6 (Mot.); Docket 22 at 5-12 (Opp.).

[27] 647 F.3d 1218, 1224 (9th Cir. 2011) (internal citations omitted), *cert. denied*, 132 S. Ct. 1101 (2012).

[28] Docket 22-1 at 3 (Decl. of Nelson ¶ 7).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 5 of 12

consistent with due process, exercise personal jurisdiction over a non-resident defendant with respect to specific alleged tortious conduct:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[29]

The plaintiff bears the burden of establishing the first two prongs of the test.[30]  If she does, then the burden shifts to the defendant to present a "compelling case that the exercise of jurisdiction would not be reasonable."[31]

### A.     Prong 1: Purposeful Direction

The first prong of the three-part test requires a finding that the non-resident defendant has "purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof."[32]  This prong is satisfied when an intentional tort is alleged to have been committed in the state, and particularly against a resident of the state, which is the case in this action.[33]

---

[29]  *CollegeSource, Inc. v. AcademyOne, Inc*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citing *Schwarzenegger v. Fred Martin Motor Co*, 374 F.3d, 797, 802 (9th Cir. 2004); *Fiore v. Walden*, 688 F.3d 558, 573-74 (9th Cir. 2012).

[30]  *Mavrix*, 647 F.3d at 1228.

[31]  *Id.* (internal citations and quotations marks omitted).

[32]  *CollegeSource*, 653 F.3d at 1076 (citing *Schwarzenegger*, 374 F.3d at 802).

[33]  *See Paccar Int'l Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064 (9th Cir. 1985) ("The commission of an intentional tort in a state is a purposeful act that will satisfy the first two requirements under *Data Disc.*") (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1288 (9th Cir. 1977)).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 6 of 12

### B.  Prong 2: Forum-Related Conduct

The second prong considers whether the claim "arises out of or relates to the defendant's forum-related activities."[34]  This is clearly the case here, as the intentional tort is alleged to have occurred in an Arizona hotel room.

### C.  Prong 3: Reasonableness Determination

The final prong places the burden on the defendant to "'present a compelling case' that the exercise of jurisdiction would be unreasonable and therefore violate due process."[35]  An intentional tortious act aimed at a resident of the forum state may satisfy this third prong.[36] Alternatively, the court is to balance the following seven factors, each of which is discussed in turn below:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.[37]

   i.   *Extent of purposeful interjection into the affairs of the forum state.*

Mr. Bristol asserts that he does not reside in Arizona, does not have an office or own property in the state, and has only traveled to the state three or four times in the

---

[34] *CollegeSource*, 653 F.3d at 1076 (citing *Schwarzenegger*, 374 F.3d at 802).

[35] *Id.*

[36] *See Paccar*, 757 F.2d at 1064 ("A tortious act, standing alone, can satisfy all three requirements under *Data Disc* if the act is aimed at a resident of the state or has effects in the state.") (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984); *Data Disc,* 557 F.2d at 1288).

[37] *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (citing *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004))

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 7 of 12

past few years.  But that does not mean he has not purposefully interjected himself into the forum for jurisdictional purposes.  Indeed, the Ninth Circuit has repeatedly found purposeful interjection even when a defendant never physically entered the forum.[38] Here, Mr. Bristol is alleged to have engaged in tortious conduct while he was physically in Arizona.  And he was Millennium's Regional Vice President of Sales for Arizona at the time of the alleged misconduct.  This Court finds Mr. Bristol has purposefully injected himself into Arizona affairs, and that this factor weighs strongly in favor of the reasonableness of Arizona's exercise of personal jurisdiction over him.

ii.    *Burden of defending in the forum.*

On the current record, it appears that Mr. Bristol lives in Florida and travels infrequently to Arizona.  But he is the regional supervisor for Arizona and has the same counsel as Millennium in this action.  As such, this Court finds that Mr. Bristol's burden of defending in this forum is low.

iii.    *Extent of conflict with sovereignty of defendant's state.*

Mr. Bristol asserts that if he is found personally liable, "any resulting damages would need to be collected from him as a resident of Florida."[39]  But this presents no apparent conflict with Florida's sovereignty, and thus this factor weighs in favor of Arizona's exercise of personal jurisdiction over Mr. Bristol.

---

[38] Docket 25 at 6 (Mot.); *Fiore*, 688 F.3d at 583; *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258-59 (9th Cir. 2008); *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 475 (9th Cir. 1995).

[39] Docket 25 at 8 (Reply).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 8 of 12

iv.    *Interest of forum state in adjudicating the dispute.*

States have "a strong interest in providing an effective means of redress for [their] residents who are tortiously injured."[40]   Ms. Nelson is an Arizona resident who alleges she was harmed by Mr. Bristol's tortious conduct in Arizona.  This factor weighs strongly in favor of finding personal jurisdiction over Mr. Bristol in Arizona.

v.    *Most efficient resolution of the controversy.*

The efficiency of a given forum depends "primarily [on] where the witnesses and evidence are likely to be located."[41]   The parties in this action disagree as to where most of the witnesses and evidence are likely to be located.[42]   But given that Millennium has admitted that Arizona has personal jurisdiction over it, the most efficient forum for the resolution of all Ms. Nelson's claims against both defendants would appear to be in this Arizona proceeding.[43]

vi.    *Importance of forum to plaintiff's convenient and effective relief.*

This factor, which "generally is not given much weight in this circuit[,]"[44] tips in favor of Arizona; Ms. Nelson could conveniently and effectively obtain any relief that was warranted in her home state.

---

[40] *Ibrahim*, 538 F.3d at 1259 (citing *Ziegler*, 64 F.3d at 475).

[41] *Menken*, 503 F.3d at 1061 (quoting *CoreVent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993)).

[42] *Compare* Docket 25 at 8-10 (Reply) *and* Docket 22 at 9 (Opp.).

[43] Docket 17 at 3 (Answer).

[44] *Fiore v. Walden*, 688 F.3d 558, 585 (9th Cir. 2012) (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002)).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 9 of 12

vii.   *Existence of an alternative forum.*

California may be an alternative forum because Millennium's headquarters are located there.  Florida is also an alternative forum for Ms. Nelson's claims, at least as to her claims alleged against Mr. Bristol.  But on the current record it is not clear whether either of those states would have personal jurisdiction over both defendants in this action, so this Court accords little weight to this factor.

Overall, the seven-factor balancing test weighs decidedly in favor of Arizona's exercise of personal jurisdiction over Mr. Bristol in this case.  Mr. Bristol has not made the requisite "compelling case" that this court's exercise of jurisdiction over him would be unreasonable.

As all three prongs of the specific personal jurisdiction test are satisfied, this Court finds that Arizona's exercise of personal jurisdiction over Mr. Bristol comports with constitutional due process.

## D. Corporate Shield Doctrine

Mr. Bristol repeatedly asserts that he acted in Arizona only in his capacity as a corporate officer of Millennium, and as such he is protected from the exercise of personal jurisdiction.[45]  Though Mr. Bristol does not use the term, this argument relies on the corporate, or fiduciary, shield doctrine.[46]  As a preliminary matter, Ms. Nelson has alleged that Mr. Bristol was acting in his individual capacity, not only his corporate capacity, when committing certain tortious acts, such as confining her to his hotel room

---

[45] Docket 21 at 2, 5-6 (Mot.); Docket 25 at 2, 5 (Reply).

[46] *See* 79 A.L.R. 5th 587 ("The fiduciary shield doctrine is a judicially created principle that precludes the exercise of personal jurisdiction over nonresident corporate agents or employees who are acting in the forum state in their role as corporate agents or employees.").

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 10 of 12

and making derogatory comments.[47]  When all reasonable inferences are drawn for the plaintiff on this issue, Mr. Bristol's corporate shield argument fails on that basis alone because his status as a Millennium employee does not shield him from being sued for acts taken in his individual capacity.[48]

Even if Mr. Bristol's argument is considered on its merits, the corporate shield doctrine is inapplicable.  Within the Ninth Circuit, the corporate shield doctrine is not a constitutional inquiry, but is instead controlled by state law.[49]  Specifically with respect to the state of Arizona, the Ninth Circuit has held:

> Arizona has . . . focused on corporate officers' individual contacts to assert personal jurisdiction, rather than restricting their jurisdiction to cover the corporate entity only. . . .[B]ecause the Arizona long-arm statute extends to the limit of constitutional due process and because it is not equitably limited by the fiduciary shield doctrine . . . Arizona's long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over officers of a corporation as long as the court finds those officers to have sufficient minimum contacts with Arizona.[50]

Accordingly, as this Court has found that Mr. Bristol had sufficient minimum contacts with Arizona for purposes of this action, even if his presence in the state was solely in

---

[47] Docket 22-1 at 3 (Decl. of Nelson ¶ 7).

[48] *See Calder v. Jones*, 465 U.S. 783, 789 (1984) ("Petitioners are correct that their contacts with [the forum] are not to be judged according to their employer's activities there.  On the other hand, their status as employees does not somehow insulate them from jurisdiction."); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[W]e today reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity.").

[49] *Revolution Distrib. v. Evol Nutrition Assocs., Inc.,* No. 11-cv-2120, 2012 WL 2368634, *7 (D. Ariz. June 21, 2012) (citing *Davis v. Metro Prods., Inc.,* 885 F.2d 515, 521 (9th Cir. 1989).

[50] *Id.* (citing *Davis*, 885 F.2d at 521-22 (internal grammar marks omitted)).

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 11 of 12

his "corporate capacity," that would not preclude Arizona's exercise of personal jurisdiction over him.

### *CONCLUSION*

For the foregoing reasons, Mr. Bristol's motion to dismiss this action for lack of personal jurisdiction is DENIED.

DATED this 2nd day of October, 2012.

*/s/ Sharon L. Gleason*
United States District Judge

2:12-cv-01301-SLG, *Nelson v. Millennium Laboratories, et al.*
Order Denying Motion to Dismiss for Lack of Personal Jurisdiction
Page 12 of 12