J. Greg Coulter; AZ Bar No. 016890
Christie L. Kriegsfeld; AZ Bar No. 022537
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:     602.957.1801
gcoulter@littler.com
ckriegsfeld@littler.com

Attorneys for Defendants
Millennium Laboratories, Inc.
and Jason Bristol

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Nelson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Millennium Laboratories, Inc., a California corporation; Jason Bristol, an individual; and Does 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:12-cv-01301-SLG<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' RULE 16(B) MOTION TO MODIFY PRETRIAL SCHEDULING ORDER** |

Plaintiff's Motion to Modify the Pretrial Scheduling Order ("Motion") is procedurally improper and otherwise fails to establish good cause for the relief requested.  If anything, the opening pages of Plaintiff's Motion make clear that Plaintiff's strategy in this case is not guided by a legitimate desire to gather evidence to support her claims.  Rather, plaintiff hopes to wrap her lawsuit around a newspaper article about an investigation in Boston – an article that resulted from Plaintiff's engagement of a Boston-based public relations firm to publicize her claims and, in her counsel's words, "kick up the volume" against Millennium.  From the start, her lawsuit and discovery strategy has been about *everything but* developing evidence to support her claims.  Instead, she has done the bidding of others, sought to harm Millennium in the marketplace through harassing third-party discovery of entities with no relevant information regarding her claims, and participated in a publicity campaign that is

Firmwide:119862074.1 069873.1000

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

being funded by a source that neither she nor her public relations firm will disclose. Despite these distractions, in the instant Motion Plaintiff *admits* that she will complete fact discovery within the existing deadlines. The lone problem, according to Plaintiff, is that she has not devoted sufficient time and effort to preparing her expert disclosures, which are due April 30, 2013; even though these deadlines have been known to both sides for seven (7) months.

As set forth below, Plaintiff has not established good cause to modify the existing Scheduling Order. If anything, the record suggests that any additional time will not be spent on expert disclosures, but rather pursuing further improper discovery which the Court will likely be called upon by Millennium to curtail. For all of these reasons, Plaintiff's Motion should be denied. If the Court is inclined to grant any extension to the existing deadlines, however, the only fitting relief should be a limited 30-day extension of the expert disclosure deadlines; a compromise Millennium offered to Plaintiff, but which was rejected.

## I. PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER.

Plaintiff's Motion ignores the Court's directive to schedule a discovery conference if a discovery deadline cannot be met or if an extension of more than 60 days is sought. (*See* R.16 Scheduling Order at IV.H, Doc. 27; D. Ak. L.R. 16.1(c)(3)[A]). Because Plaintiff failed to request a discovery conference, her Motion is procedurally improper and should be stricken. Fed. R. Civ. P. 12(f).

## II. PLAINTIFF HAS FAILED TO DEMONSTRATE GOOD CAUSE FOR THE RELIEF REQUESTED.

Plaintiff's Motion should also be denied because she has failed to demonstrate good cause for the relief requested. The Rule 16 "good cause" standard requires the party seeking relief to show that the deadline cannot be met despite that party's diligence. *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (disregard of scheduling order would undermine court's ability to control its docket, disrupt agreed-on course of litigation, and reward the indolent and the cavalier). Rather than rely on sound arguments to show "good cause," Plaintiff's Motion seeks to influence the Court to extend Rule 16 deadlines by attaching a newspaper article and a federal grand jury subpoena. (*See* Pl.'s Mem. at 2-3.)

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

Firmwide:119862074.1 069873.1000

-2-

These exhibits have nothing to do with the merits of Plaintiff's Motion, and instead constitute yet another attempt by Plaintiff to cloak her claims in a coordinated smear campaign that she herself has helped orchestrate.[1]

Ironically, after spending several pages of her motion citing to irrelevant material involving an investigation in Boston, Plaintiff does not contend that the fact discovery deadlines should be extended. Indeed, she concedes that she is likely to complete – and certainly capable of completing – her fact discovery by the existing deadline of May 31, 2013. Instead, she complains that because there are several depositions and written discovery to be exchanged over the next 45 days, she will not have time to complete fact discovery *and* timely serve her Rule 26 expert disclosures. This hardly constitutes "good cause" as required under Rule 16.

Both parties agreed to the Scheduling Order at the outset of this case and knew expert disclosures would be due *before* the fact discovery deadline. (*See* Doc. 26, entered 9/25/12). This structure, which has been known to both sides for seven (7) months, is neither unusual nor onerous – it simply requires the parties to diligently take their fact discovery and prepare the case for pre-trial disposition.

That Plaintiff finds herself one week from an expert disclosure deadline without the evidence she claims to need to generate expert reports is not surprising. The fact of the matter is that rather than spending the last seven months taking focused discovery designed to support her claims, Plaintiff has used her lawsuit as a platform to pursue a broader agenda, which has included: (1) bombarding Millennium with hundreds of discovery requests

---

[1] As noted in Millennium's pending Motion for Protective Order (Doc. No. 58), Plaintiff engaged the assistance of a public relations firm, Conover & Co., to publicize her claims, smear Millennium in the press, and in her attorney's words, "kick up the volume" against Millennium. Plaintiff has also aligned herself with Millennium's chief competitors – Ameritox Ltd. and Calloway Laboratories – both of which are, or were, engaged in active litigation with Millennium. But despite meeting with their counsel and providing publicly filed affidavits on their behalf, Plaintiff and these other entities claim that an unfounded "allied litigant" privilege protects disclosure of their communications. These communications are the subject of a motion to compel that will be filed by Millennium if the parties are unable to resolve the dispute through the meet and confer process.

Firmwide:119862074.1 069873.1000

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

(including more than 150 individual requests for production of documents) that bear no relevance to her claims, and instead appear designed to assist Millennium's competitor Ameritox in its Florida litigation against Millennium; (2) issuing harassing and burdensome third-party subpoenas to current and former Millennium customers – including some she has never interacted with which are located in Florida, thousands of miles from her territory – seeking information that likewise has no relevance at all to her claims;[2] and (3) engaging a public relations firm and making herself available for interviews with reporters in order to publicize her claims and "kick up the volume" against Millennium.  Perhaps it was because she was so busy with these wasteful and harassing efforts that Plaintiff did not even bother to notice the deposition of her direct supervisor at Millennium, Nicole Moberg, or a named defendant, Jason Bristol, until last week.  Even then, she purposely set those depositions for *after* the existing expert disclosure deadline.

In support of her Motion, Plaintiff suddenly bemoans Millennium's alleged failure to provide her with certain discovery she now claims is pivotal to her expert disclosures. Tellingly, Plaintiff has not filed a single motion to compel or sought relief of any kind in this action.  Indeed, as Plaintiff points out in her brief, she did not really even begin the meet and confer process over any alleged discovery deficiencies until mid-March, only one month before her expert disclosures were due.[3]  (*See* Pl.'s Mem. at 5.)  These half-hearted efforts to

---

[2] As noted in Millennium's Motion for Protective Order, (Doc. No. 58 at 3), in one instance Plaintiff issued an overbroad deposition subpoena to a long-time Millennium customer – without first consulting him as to his availability – demanding that he appear and give testimony concerning "[a]ny and all matters arising out of or relating to your dealings with Millennium Laboratories…".  Plaintiff subsequently withdrew that subpoena without explanation, but only after the physician had gone to the trouble of engaging counsel.

[3] Plaintiff's failure to obtain all of the documents requested in the more than 150 individual requests for production she has propounded (*see* Pl.'s Demand for Production of Documents and Things, Set Four, attached as Exhibit A), stems largely from Plaintiff's insistence on engaging in a wholesale fishing expedition for information that does not even remotely relate to any claims or defenses in this action, and instead appears designed to aid Millennium's competitor, Ameritox, in litigation that Ameritox has filed against Millennium in Florida, and in which Plaintiff voluntarily injected herself as a witness on behalf of Ameritox by submitting a declaration.  If and when a motion to compel is filed by Plaintiff, Millennium

manufacture a discovery dispute through the instant Motion beg the question of whether those alleged deficiencies are anything more than a pretextual means to request this extension.

Even if Plaintiff's complaints about alleged discovery deficiencies were legitimate – which they are not – those deficiencies have nothing to do with Plaintiff's ability to timely disclose her experts. The claims for which Plaintiff insists she needs an extension of time to prepare expert testimony all concern her termination. Those claims, by their very nature, involve factual circumstances that are, or should be, within Plaintiff's own personal knowledge. For example, if Plaintiff claims that she was terminated because she failed to commit an illegal act, certainly she should know what act she was allegedly asked to perform, who asked her to perform it, and whether she in fact refused to perform it. Quite simply, none of the recently identified, allegedly "outstanding" discovery relates to any matter of expert opinion.[4]

Although Millennium appreciates that extensions to pre-trial schedules occur regularly, they should not be granted to reward a plaintiff who has flaunted reasonable deadlines, nor impose hardship on a defendant who has worked diligently to bring a vexatious case to a prompt resolution. *See, e.g., Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) (finding that moving party's delay did not support extending deadlines). Nevertheless, in an effort to relieve the Court of having to address this Motion at all, Millennium offered to stipulate to a 30-day extension of the expert disclosure deadlines, which is seemingly *exactly* what Plaintiff needs. But Plaintiff rejected that offer – as they have consistently rejected each of Millennium's efforts to focus the discovery in this case on the actual issues at hand. (*See* Exhibit B.) Plaintiff's "all or nothing" approach belies a good

---

will address each of the issues raised therein.

[4] Given that the factual circumstances underlying her expert testimony should be known to Plaintiff, Millennium fails to see how any further extension could be warranted considering (1) Plaintiff filed her lawsuit nearly a year ago; (2) Plaintiff's claims have never been amended.

Firmwide:119862074.1 069873.1000

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

faith motive and, absent good cause, the Court should deny Plaintiff's Motion to extend expert deadlines altogether.

### III. CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion to Modify the Scheduling Order. In the alternative, if the Court is inclined to grant an extension, Millennium requests a more modest 30-day extension of the expert disclosure deadlines as set forth on the proposed form of order lodged herewith.

DATED this 23rd day of April, 2013.

s/ Christie L. Kriegsfeld
Mark Ogden
J. Greg Coulter
Christie L. Kriegsfeld
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Millennium Laboratories, Inc. and Jason Bristol

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 23rd day of April, 2013:

Craig P. Cherney
Laura J. Edwards
EDWARDS & CHERNEY, LLP
14300 N. Northsight Blvd., Ste. 129
Scottsdale, AZ  85260
Attorneys for Plaintiff

Barry M Walker
WALKER TRIAL LAWYERS LLP
31618 Railroad Canyon Rd., Ste. 1
Canyon Lake, CA 92587
Attorneys for Plaintiff

s/ Lisa DeWitt

Firmwide:119862074.1 069873.1000