1   J. Greg Coulter; AZ Bar No. 016890
    Christie L. Kriegsfeld; AZ Bar No. 022537
2   LITTLER MENDELSON, P.C.
    Camelback Esplanade
3   2425 East Camelback Road
    Suite 900
4   Phoenix, AZ  85016
    Telephone:   602.474.3600
5   Facsimile:    602.957.1801
    gcoulter@littler.com
6   ckriegsfeld@littler.com

7   Attorneys for Defendant
    Millennium Laboratories, Inc.
8

9                UNITED STATES DISTRICT COURT

10              FOR THE DISTRICT OF ARIZONA

11  Kelly Nelson,                          Case No. 2:12-cv-01301-SLG

12              Plaintiff,                  **DEFENDANT'S EXPEDITED
                                            MOTION FOR PROTECTIVE
13  v.                                      ORDER**

14  Millennium Laboratories, Inc., a California
    corporation; Jason Bristol, an individual;
15  and Does 1-10, inclusive,

16              Defendants.

17         Defendant Millennium Laboratories, Inc. ("Millennium"), pursuant to Federal Rule of

18  Civil Procedure 26, moves this Court to enter a protective order precluding Plaintiff Kelly

19  Nelson ("Plaintiff") from deposing Millennium's President, Howard Appel ("Appel"), which

20  Plaintiff has unilaterally set for May 16, 2013.  Defendant moves for protection against the

21  deposition of this apex corporate officer on the grounds that Mr. Appel has no unique

22  personal knowledge of matters relevant to any claim or defense in this matter and, to the

23  extent that Mr. Appel possesses any knowledge of Plaintiff's employment generally, Mr.

24  Appel's knowledge is cumulative of the knowledge of other, more readily available, current

25  Millennium employees whose depositions Plaintiff has already noticed.

26  **I.      RELEVANT FACTUAL BACKGROUND.**

27         Defendant Millennium is a commercial laboratory primarily engaged in the business

28  of testing urine specimens to detect the presence and quantity of certain drugs.  Based in San

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1  Diego, California, Millennium has more than 1,200 employees and operates in all 50 states.

2  Howard Appel is Millennium's President.

3      Plaintiff Kelly Nelson is a former Regional Sales Manager for Millennium whose

4  employment ended on December 9, 2011. Plaintiff's direct supervisor during the majority of

5  her employment was Ryan Uehling. At the time of her termination she was supervised by

6  Nicole Moberg, who in turn reported to Regional Vice President Jason Bristol. Mr. Bristol is

7  an individual defendant in this case. The Complaint includes 20 claims, many of which are

8  duplicative, which essentially allege that Nelson was subjected to age and sex discrimination,

9  and retaliation. The Complaint makes only scarce reference to Mr. Appel, generally

10  asserting that he praised Plaintiff's performance (Compl. at ¶ 26) and that Jason Bristol

11  purportedly made a statement to Mr. Appel about not wanting another Millennium manager

12  to be terminated. (*Id.* at ¶ 64). Neither of these allegations justifies subjecting Millennium's

13  President to a deposition in this case. Indeed, the apex doctrine has developed to prevent

14  precisely this sort of harassing deposition.

15      On April 15, 2013, Plaintiff issued a subpoena for the deposition of Mr. Appel for

16  May 6, 2013, out of the United States District Court for the Southern District of California.

17  (*See* Exhibit 1, Subpoena). Plaintiff also improperly issued similar subpoenas for the

18  depositions of three other Millennium corporate officers and employees - Regional Director

19  Nicole Moberg, Regional Vice-President Jason Bristol, and the Executive Vice President of

20  Sales & Managed Markets Elizabeth Peacock. Undersigned counsel timely objected to the

21  subpoenas because the issuing court (Southern District of California) did not have personal

22  jurisdiction over Bristol, Moberg or Peacock because they do not reside in California.

23  Millennium further asserted that these witnesses could not be compelled by that court to

24  travel to California and appear for a deposition in a matter pending in the District of Arizona.

25  (*See* Exhibit 2, Letter dated April 22, 2013).

26      Millennium also objected to the subpoena issued to Mr. Appel because he did not

27  have direct supervisory authority with regard to Plaintiff and has no unique knowledge of the

28  circumstances of Nelson's employment or termination. Millennium further advised that it

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-2-

1   would seek a protective order if the subpoena was not withdrawn because any information

2   Mr. Appel may have is only tangentially relevant to Plaintiff's claims and/or is derivative of

3   information obtainable from other witnesses to whom Plaintiff already issued subpoenas,

4   specifically her former managers Ryan Uehling and Nicole Moberg, and Moberg's

5   supervisor at the time of Nelson's termination Jason Bristol. (*Id.*)  Plaintiff responded on

6   April 24, 2013, advising that she would withdraw the subpoenas and file notices of

7   deposition for these witnesses, including Mr. Appel.  Plaintiff did not address Millennium's

8   specific, substantive objections related to Mr. Appel and instead filed a notice of deposition

9   unilaterally setting his deposition for a new date - May 16, 2013. (*See* Exhibit 3, Letter dated

10  April 24, 2013 and Notice of Deposition).  Plaintiff also noticed the depositions of Nicole

11  Moberg, Jason Bristol, and Elizabeth Peacock.

12          The deposition notice related to Mr. Appel is plainly improper.  Mr. Appel does not

13  have the type of percipient knowledge that would justify taking his deposition in this case

14  and Plaintiff has not propounded any discovery that establishes otherwise.  In fact, Plaintiff

15  has failed to establish how such an apex deposition is necessary to develop facts to support

16  her employment discrimination lawsuit pending before this Court.  As the President of a

17  company that employs more than 1,200 people and operates in all 50 states, Mr. Appel is

18  charged with oversight of the company's operations and implementation of its strategic

19  initiatives. *See* www.millenniumlabs.com.

20          There is no legitimate reason to seek Mr. Appel's deposition.  Plaintiff's attempt to

21  drag Millennium's President into her lawsuit is but the latest in a string of attempts to pursue

22  overbroad and harassing discovery in this case, which includes:   (1) propounding 154

23  individual requests for production, most of which have nothing to do with her claims; (2)

24  subpoenaing several former Millennium employees and attempting to question them about

25  issues that have nothing do with her lawsuit;[1] (3) issuing a harassing and overbroad

26

27

28

[1] Plaintiff's efforts in this regard were so egregious that after the first deposition of a low-level former Millennium employee, Diane Pajak-Smith, Millennium was compelled to send Plaintiff's counsel a meet and confer letter objecting to the scope of questioning. (*See* Exhibit 4, Letter to Craig Cherney).

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-

deposition subpoena to a long-time Millennium physician customer in El Paso, Texas – without first consulting him as to his availability – and then withdrawing the subpoena without explanation,[2] but only after the physician had gone to the burden of retaining counsel; and (4) issuing egregiously overbroad subpoenas *duces tecum* to three current and former Millennium customers, including two located in Florida with whom Plaintiff never worked or communicated.[3]

## II.   LEGAL ARGUMENT

### A.   Legal Standard

Courts are required to limit discovery when the discovery is duplicative, can be obtained from a less burdensome source, when the party "has had ample opportunity to obtain the information by discovery in the action," or when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(c). In particular, Federal Rule of Civil Procedure 26(c) allows a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in the discovery process. Courts have "substantial latitude to fashion protective orders," and may issue a variety of protective orders, including forbidding requested discovery, and "specifying terms, including time and place, for the disclosure or discovery." *Id.*

The "apex doctrine," rooted in Federal Rule of Civil Procedure 26, was developed as an aid in ensuring that the liberal rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs. *Klungvedt v. Unum Group*, 2013 U.S. Dist. LEXIS 20105 (D. Ariz. Feb. 13, 2013) (entering protective order finding that plaintiff had not laid the foundation justifying the deposition of a top executive); *Performance Sales & Mktg. LLC v. Lowe's Cos.*, No. 5:07-CV-00140-RLV-DLH, 2012 U.S. Dist. LEXIS 131394, at *16 (W.D.N.C. Sept. 14, 2012) (denying plaintiff's motion to compel depositions of apex

---

[2] Upon information and belief, Plaintiff withdrew the subpoena because she learned that the physician's testimony would in fact be harmful to her claims.
[3] Plaintiff's subpoenas to these three providers are the subject of a pending motion for protective order. (*See* Doc. No. 58)

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-4-

officers of Lowe's); *see also Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 U.S. Dist. LEXIS 8295, at *8 (N.D. Cal. Jan. 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."); 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2037 (3d ed. 2012) (collecting citations).

Courts applying the apex doctrine have considered "whether the executive has unique, first-hand, non-repetitive knowledge of the facts at issue in the case and whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Klungvedt v. Unum Group*, 2013 U.S. Dist. LEXIS at *6. "This rule is intended to protect busy, high level executives who lack any personal or unique knowledge of the claims at issue from the burden, inconvenience, and potentially harassing nature of a deposition where the information sought may be more easily obtained from a lower level corporate employee." *Lowe's Cos.*, 2012 U.S. Dist. LEXIS 131394, at *16-17 (*quoting* 8A *Federal Practice & Procedure* § 2037); *see also Folwell v. Hernandez*, 210 F.R.D. 169, 174 (M.D.N.C. 2002) ("Moreover, the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case."). The party seeking the apex deposition must show exhaustion of other methods of discovery prior to the apex deposition. *Klungvedt*, 2013 U.S. Dist. LEXIS at *9. Plaintiff has not met her burden under this standard, and the Court should issue a protective order.

**B.    This Court Should Enter a Protective Order to Prevent the Unnecessary and Unduly Burdensome Deposition of Millennium's President Howard Appel.**

Whether under the "apex" doctrine or simply the strictures of Rule 26, the Court should grant a protective order preventing Mr. Appel's deposition. Mr. Appel has no unique relevant knowledge regarding the claims or defenses in this lawsuit, and Plaintiff has not yet deposed the current and former Millennium employees with knowledge of the circumstances of Plaintiff's employment and termination, including those employees in her direct

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-5-

1   supervisory chain during the period leading up to her termination; Ms. Moberg and Mr.

2   Bristol. Plaintiff has laid no foundation to warrant the deposition of Mr. Appel.

                  **1.**     **Mr. Appel Lacks Unique Personal Knowledge of Plaintiff's Claims or Defendant's Defenses.**

5        Courts addressing the issue of baseless apex depositions have repeatedly held that

6   corporate officers and other high-level executives should not be deposed unless they have

7   unique knowledge or information, unavailable from other witnesses, and have exhausted

8   other means of discovery. *See Klungvedt*, 2013 U.S. Dist. LEXIS at \*9 (granting motion for

9   a protective order where Plaintiff lacked any evidence of unique knowledge of corporate

10   policies); *Lowe's Cos.*, 2012 U.S. Dist. LEXIS 131394, at \*16-17 (denying plaintiff's motion

11   to compel depositions of apex officers of Lowe's where there was "no demonstration" that

12   officers "had any relevant personal knowledge" of the claims at issue); *see also Bush v.*

13   *Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (affirming the district court's denial of

14   plaintiff's request to depose high ranking officer where he failed to show that the individual

15   was involved in the termination at issue); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.

16   1979) (upholding protective order barring the deposition of the corporate president because

17   he lacked unique knowledge of facts in dispute).

18        Plaintiff has not deposed other witnesses regarding Mr. Appel's knowledge or

19   involvement, has not propounded any discovery to learn the nature and extent of any

20   information Mr. Appel has regarding Plaintiff's claims or otherwise established that Mr.

21   Appel has any unique knowledge regarding Plaintiff's employment with Millennium.

22   Accordingly, as Plaintiff has not shown that Mr. Appel has any knowledge, unique or

23   otherwise, of the events relevant to this lawsuit, under the apex doctrine and Federal Rule of

24   Civil Procedure 26, Millennium is entitled to protection from Plaintiff's request to depose

25   Mr. Appel.

26

27

28

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

2. **Plaintiff Will Depose Numerous Millennium Employees with Knowledge of the Claims and Defenses at Issue in this Case, Making Mr. Appel's Testimony Unnecessary and Redundant.**

Rule 26(b)(2)(C) specifically limits discovery if the discovery sought is unreasonably cumulative or duplicative, can be obtained from some other source that is more convenient and less burdensome, or if the burden or expense of the proposed discovery outweighs its likely benefit. Courts further consider whether the deposition of a high-ranking corporate officer involves information available in a less burdensome manner or implicates testimony that will be unnecessarily cumulative or duplicative of that of other witnesses. *See Lowe's Cos.*, 2012 U.S. Dist. LEXIS 131394, at \*16-17.

Here, Plaintiff has had ample opportunity to depose witnesses who have knowledge of her employment with Millennium and the events surrounding her termination. Specifically, Plaintiff has already deposed her supervisor during the majority of her tenure at Millennium, Ryan Uehling, and at least three co-workers or individuals who reported to her. She still intends to depose Regional Director Nicole Moberg, who was Plaintiff's direct supervisor at the time of her termination, and Jason Bristol, who in turn supervised Ms. Moberg. Millennium has agreed to make these witnesses available at a mutually convenient date. Mr. Appel runs the day-to-day operations of one of the largest private employers in Southern California. Plaintiff has not contested that Mr. Appel does not possess any unique knowledge of Plaintiff or her claims, or that the same information that he may provide can more easily be obtained from other witnesses. If, after these other depositions are completed and Plaintiff can articulate a legitimate need for deposing Mr. Appel, then the parties can revisit this issue.

3. **Plaintiff's Past Discovery Tactics Make Her Motivation For Seeking Mr. Appel's Deposition Highly Suspect.**

Seeking the deposition of Millennium President Howard Appel is not calculated to obtain information useful in proving her employment claims against Millennium but instead is yet another attempt to harass and disrupt Millennium's business. Plaintiff's actual motivation for taking this overbroad approach is unclear. Plaintiff's actions may be

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602 474 3600

-7-

1   motivated by a desire to help Millennium's competitor, Ameritox, harm Millennium by

2   gathering information that could be used by Ameritox in its separate lawsuits against

3   Millennium.[4] It may also be motivated in part by the fact that discovery has revealed that

4   Plaintiff also works on a commission or fee basis with a company that directly competes

5   with Millennium in Arizona in the field of pharmacogenetic testing, and thus Plaintiff may

6   believe that any operational or reputational harm she can cause to Millennium will result in

7   financial gain through her new employment arrangement.   (See Exhibit 5, Plaintiff's

8   Supplemental Responses to Defendant's First Set of Interrogatories, pg. 3).  These facts call

9   into question Plaintiff's actual motivation for seeking the deposition of such a high-level

10  executive like Mr. Appel, who has no personal and unique knowledge of Plaintiff's

11  employment.  Plaintiff has failed to demonstrate otherwise.

12  **III.   CONCLUSION**

13       Defendant respectfully requests that the Court enter its proposed Protective Order

14  lodged herewith, shielding Millennium from the noticed deposition of Millennium's

15  President Howard Appel that Plaintiff unilaterally set for May 16, 2013.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Plaintiff has acknowledged that she is coordinating her discovery efforts with Ameritox, and has refused to produce documents reflecting communications she has had with Ameritox on grounds they are protected by a form of the "common interest" doctrine.  Shortly after she was terminated by Millennium, Plaintiff met with attorneys for Ameritox and voluntarily provided a declaration for use by Ameritox in its litigation against Millennium, which is currently pending in the Middle District of Florida.  The subpoenas issued by Plaintiff to two Florida practices in this case appear designed to assist Ameritox in its Florida litigation against Millennium rather than to take discovery that is legitimately related to Plaintiff's claims.    The deposition notice to Mr. Appel reeks of the same improper purpose.

LITTLER MENDELSON, P.C
A Professional Corporation
CamelBack Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602 474 3600

-8-

1

2       DATED this 2nd day of May, 2013.

3

4                             s/ Christie L. Kriegsfeld

5                             J. Greg Coulter
Christie L. Kriegsfeld

6                             LITTLER MENDELSON, P.C.
Attorneys for Defendant

7                             Millennium Laboratories, Inc.

8    I hereby certify that I electronically

9    transmitted the attached document to the
Clerk's Office using the CM/ECF System

10   for filing and transmittal of a Notice of
Electronic Filing to the following

11   CM/ECF registrants, and mailed a copy of
same to the following if non-registrants,

12   this 2nd day of May, 2013:

13   Craig P. Cherney
Laura J. Edwards

14   EDWARDS & CHERNEY, LLP
14300 N. Northsight Blvd., Ste. 129

15   Scottsdale, AZ  85260
Attorneys for Plaintiff

16

17   Barry M Walker
WALKER TRIAL LAWYERS LLP

18   31618 Railroad Canyon Rd., Ste. 1
Canyon Lake, CA 92587

19   Attorneys for Plaintiff

20

21   s/ Lisa DeWitt
Firmwide:120033805.1 069873.1004

22

23

24

25

26

27

28