UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELLY NELSON,<br><br>        Plaintiff,<br><br>v.<br><br>MILLENNIUM LABORATORIES, INC., a California corporation; JASON BRISTOL, an individual; and Does 1-10, inclusive,<br><br>        Defendants. | Case No. 2:12-cv-01301-SLG |

**ORDER RE MOTION FOR LEAVE TO REDEPOSE**

At Docket 115, Defendant Millennium seeks leave to redepose two witnesses: Diane Pajak-Smith and Elizabeth Renee Field. Plaintiff Kelly Nelson has filed an opposition to the motion at Docket 124 to which Millennium replied at Docket 144.

For the reasons set forth in Millennium's filings, good cause has been demonstrated to reopen the deposition of Ms. Field as authorized by Civil Rule 30(a)(2)(A)(ii). Ms. Field produced a declaration prior to her deposition in which she indicated that she did not have any documents responsive to the subpoena served upon her. Several weeks later, on April 1, 2013, she provided a thumb drive with documents responsive to the subpoena. In these circumstances, permitting a redeposition of Ms. Field to explore the reasons for the declaration and the belated production is warranted. This Court found troubling that in discovery responses regarding Ms. Field's documents,

Millennium indicated that they were not relevant. But on balance, this Court found persuasive Millennium's assertion that even though it maintained that the documents later produced by Ms. Filed are not directly relevant to Plaintiff's employment-related claims, Millennium should be permitted to explore the circumstances regarding their belated production for bias and other impeachment purposes.[1]

With respect to Ms. Smith, it appears that her deposition was unilaterally noticed by Plaintiff to occur on February 7, 2013. Ms. Smith was not served with Millennium's subpoena seeking the production of documents until just one day prior to her deposition, on February 6, 2013.[2] At her deposition, she indicated her intent to comply with the subpoena,[3] and it appears that she did so on February 19, 2013.[4] Given these events, Millennium has not shown good cause to redepose Ms. Smith in its motion filed nearly three months later.

For the foregoing reasons, the Motion to Redepose is GRANTED in part and DENIED in part.

1. The motion to redepose Diane Pajak-Smith is DENIED.

2. The motion to redepose Elizabeth Renee Field is GRANTED as follows: Millennium shall have the right to redepose Ms. Field for up to 45 minutes of examination at a time mutually agreeable to Ms. Field and the parties to occur within three weeks of the date of this Order. (The 45 minutes shall be the total for examination

---

[1] Docket 144 at 6-7 (Reply).

[2] Docket 115-3 at 11 (Return of Service).

[3] Docket 115-2 at 7 (Dep. of Smith).

[4] Docket 115-5 at 2.

2:12-cv-01301-PHX-SLG, *Nelson v. Millennium, et al.*
Order re Motion for Leave to Redepose
Page 2 of 3

by both Defendants, combined).  Plaintiff shall thereafter have up to 15 minutes for examination at the redeposition.  For all parties, the topics of the redeposition shall be limited to those topics identified in the paragraph of Millennium's Reply at Docket 144 that begins on page 6  ("The fact of the matter . . . ").

DATED this 26th day of June, 2013.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

2:12-cv-01301-PHX-SLG, *Nelson v. Millennium, et al.*
Order re Motion for Leave to Redepose
Page 3 of 3