# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELLY NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>MILLENNIUM LABORATORIES, INC., a California corporation; JASON BRISTOL, an individual; and Does 1-10, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-01301-SLG |

### ORDER GRANTING DEFENDANT MILLENNIUM'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER

Before the Court is Defendant Millennium's Motion to Enforce the Stipulated Protective Order at Docket 155. Millennium seeks to require that Plaintiff's Motion to Compel at Docket 143 be placed under seal, asserting it was publicly filed with the Court by Plaintiff in violation of the terms of the parties' Stipulated Protective Order. Plaintiff opposes at Docket 172, to which Millennium has filed a Reply at Docket 190.

Plaintiff's assertion that she can unilaterally determine which materials contain information that is in the public domain, and thus not subject to the Stipulated Protective Order, is without merit. Rather, under the clear terms of that Order, if either party designates material as Confidential or For Counsel Only and the other party disagrees with that designation, then the material remains Confidential or For Counsel Only unless and

until this Court otherwise orders.  This is clearly specified in Paragraph 5 of the Stipulated Protective Order.  Accordingly, Millennium's motion will be granted.

This Order is entered without prejudice to Plaintiff filing a motion that properly invokes the procedures set forth in the Stipulated Protective Order in which she seeks to declassify or challenge a designation of material as confidential.  But this Court expects full compliance with that Order, and in particular, "[u]ntil the Court has resolved any such motion [to declassify], the material and/or information in question shall retain its CONFIDENTIAL … designation and be treated accordingly."[1]  When one party has designated materials as confidential or for counsel only, the other party may not unilaterally declassify those materials simply because in that party's view, the materials are in the public domain; the Stipulated Protective Order expressly requires a court order when the parties disagree on this issue.

For the foregoing reasons, IT IS ORDERED that Millennium's Motion to Enforce the Stipulated Protective Order at Docket 155 is GRANTED, and the Clerk of Court is directed to remove Plaintiff's Motion to Compel, Affidavit of Counsel, and all accompanying exhibits at Docket 143 through 143-7 from the public docket to all be placed under seal as required by the Stipulated Protective Order.  Likewise, because the Reply at Docket 177 also refers to material that has been designated as confidential, and not solely to Exhibits A and B to the Reply, IT IS FURTHER ORDERED that the Clerk of Court shall also remove Plaintiff's Reply at Docket 177 from the public docket and place it under seal as required by the Stipulated Protective Order.

DATED: this 1st day of July, 2013.

*/s/ Sharon L. Gleason*
United States District Judge

---

[1] Docket 36, Stipulated Protective Order at 5, ¶ 5.