UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELLY NELSON,<br><br>          Plaintiff,<br><br>v.<br><br>MILLENNIUM LABORATORIES, INC., a California corporation; JASON BRISTOL, an individual; and Does 1-10, inclusive,<br><br>          Defendants. | Case No. 2:12-cv-01301-SLG |

## ORDER DENYING MOTION TO COMPEL

At Docket 163, Plaintiff Kelly Nelson seeks to compel the production of a number of documents, laptop computers, and hard drives from Defendant Millennium. She also seeks the appointment of a discovery referee at Millennium's expenses in order to facilitate review of the electronically stored information (ESI) for which she seeks production. Defendant Millennium opposes at Docket 166; Defendant Bristol also filed a response in opposition at Docket 164.

Most of the motion to compel derives from Plaintiff's Fourth Request for Production, which was propounded on Millennium on or about April 18, 2013, and responded to on or about May 23, 2013. Pursuant to the Scheduling and Planning

Order that was entered in this case on October 2, 2012,[1] fact discovery has been scheduled to close on May 31, 2013.

The motion to compel will be denied, as Plaintiff has completely failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.2(j).  The Local Rule requires certification "that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."  Similarly, the applicable federal rule requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Plaintiff's Reply briefly addresses her noncompliance with these rules by stating that the fact that Millennium only produced two days of Ms. Moberg's phone records when Plaintiff had sought six weeks of those records "demonstrates front and center why any effort to 'meet and confer' with [Millennium] has been a meaningless exercise."[2]  Yet based on this Court's review of the parties' filings on this motion, it appears that counsel for Millennium and Mr. Bristol were both ready and willing to engage in a meet and confer on discovery issues with Plaintiff's counsel at his office on the morning of May 24, 2013, immediately prior to Mr. Bristol's scheduled deposition on that date, but at which time Plaintiff's counsel was not

---

[1] Docket 27. The Scheduling Order also required that motions under the discovery rules were to be served and filed not later than May 31, 2013.  (*See* Docket 27 at 7). The instant motion was not filed until June 14, 2013.

[2] Docket 179 at 7 (Reply).  It bears noting that Millennium observed that Ms. Moberg owns her phone, and not Millennium, leading to some question as to whether any of her phone records are in Millennium's "possession, custody, or control," or if they should have been more properly sought from Ms. Moberg.  *See* Civil Rule 34(a)(1);  Docket 166-8 at 12 (Response to RFP #80).

present and could not be located.[3]

Further, even if a meet and confer had occurred, this Court would not have been inclined to have granted Plaintiff's motion to compel, and particularly insofar as she sought the production of electronic copies of the laptop computer and hard drive(s) as they existed in December 2011 for Kelly Nelson, Ryan Uehling, Jason Bristol, Elizabeth Renne Field, Gilbert Lopez and Nicole Moberg,[4] together with the appointment of a "discovery referee" to "oversee all future ML production via ESI directly from ML laptops and computer hard drives."[5]  Particularly at this stage of the litigation, with these extensive laptop and hard drive requests made just several weeks before the close of fact discovery, this Court would likely have determined that even if such ESI was available, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[6]

For the foregoing reasons, Plaintiff's Motion to Compel at Docket 163 is DENIED.

Dated this 1st day of July, 2013.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[3] Docket 164-1 at 10-13 (Exs. 3 and 4 to Bristol's Opp.).  From the Court's perspective, conducting the meet and confer at that time would have had the added advantage of the availability of the court reporter to make a record of the proceedings for the Court's review if necessary.

[4] *See* Docket 166-9 at 9-11 (Responses to Fourth Production Request, ## 126-131).

[5] Docket 163 at 20 (Motion).

[6] Federal Rule of Civil Procedure 26(b)(2)(C).