IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **KELLY NELSON,**<br><br>          Plaintiff,<br><br>v.<br><br>**MILLENNIUM LABORATORIES, INC.,** a California corporation; **JASON BRISTOL**, an individual; and Does 1-10, inclusive,<br><br>          Defendants. | Case No. 2:12-cv-01301-PHX-SLG |

### ORDER DENYING MOTION TO RECONSIDER

Before the Court at Docket 202 is Plaintiff's Motion to Reconsider this Court's Order of July 1, 2013 that denied Plaintiff's motion to compel the production of the slide deck presentation. In response to the Court's direction, Millennium filed an opposition to the motion at Docket 206.

The Court declines to reconsider its order that denied Plaintiff's motion to compel. In so doing, the Court has not considered the 231 pages of documents submitted with the Motion to Reconsider. *See* Local Rule 7.2(g). However, the Court does acknowledge that the following statement in the Order Denying Motion to Compel Production is not accurate: "Plaintiff's Complaint does not seek damages for post-termination conduct by her former employer."[1] For among Plaintiff's twenty causes of action are claims related to

---

[1] Docket 195 at 2 (Order).

Millennium's alleged conduct after Ms. Nelson's termination, including the thirteenth cause of action which alleges slander, the fourteenth cause of action which alleges libel, the fifteenth cause of action which alleges false light invasion of privacy, and the eighteenth cause of action which alleges interference with prospective economic advantage.[2]

Nonetheless, this Court declines to reconsider its ruling. With respect to the post-termination claims, Ms. Nelson indicated that she sought production of the presentation to demonstrate Millennium's "ongoing retaliation and harassment against all former employees."[3] But Ms. Nelson was not present nor mentioned at the presentation, and the presentation is not identified in her Complaint in any of her post-termination claims. Thus, the Court's prior reasoning stands and the presentation cannot support her post-termination claims, or in any event is of such marginal relevance with respect to those claims as to make its production in this litigation unwarranted as explained in this Court's prior Order.

Accordingly, apart from the correction to the Order Denying Motion to Compel to acknowledge Ms. Nelson's post-termination claims, the Motion to Reconsider at Docket 202 is DENIED.

DATED this 8th day of August, 2013.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[2] See Docket 6.

[3] Docket 195 at 2, quoting Docket 143 at 9 (Mot.).